MARION SEATON v. THE STATE.

No. 10163.   Delivered November 24, 1926.

Rehearing denied December 22, 1926.

**1.—Manslaughter—Evidence On Cross-Examination—Erroneously Admitted.**

Where, on a trial for manslaughter, the wife of the deceased having testified in behalf of appellant who is her brother, the state was permitted to cross-examine to ask her if the John King Grant, with whom appellant was living at the time of the homicide, was not the same Grant who was killed by the sheriff of the county at a still. This testimony was not material, was highly prejudicial and should not have been admitted, and appellant's motion to exclude the testimony after its admission was erroneously denied.

**2.—Same—Evidence—Impeaching Defendant—Improper.**

Where appellant, on a trial for manslaughter, had testified in his own behalf, it was improper to permit the state, on cross-examination, to prove that he had been indicted for an aggravated assault on one T. A. White. This court has never held that an assault upon another man is such an offense as involves moral turpitude. See Stewart v. State, 100 Tex. Crim. Rep. 566.

**3.—Same—Impeaching Testimony—Charge of Court—Must Limit Same.**

Where testimony is admitted that the accused on trial has been indicted before for liquor transactions the court in his charge should have limited the consideration by the jury of such testimony for impeaching purposes only, and it was error to refuse appellant's requested charge so limiting such testimony.

**4.—Same—General Reputation—Of Deceased—Improperly Admitted.**

Where no attack had been made upon the reputation of deceased as a peaceable, law-abiding citizen, by appellant, and there was no defense of

threats interposed by him, it was error to permit the state to prove by a number of witnesses that the general reputation of deceased as a peaceable, law-abiding man, was good.

### 5.—Same—Charge of Court—On Self-Defense—Erroneous.

Where, on a trial for homicide, the appellant claimed that he killed the deceased in his own self-defense, the court should instruct the jury that in passing upon this issue, they must view the transaction from the standpoint of the appellant, and such seems to be the plain requirement of the law in every case where there is a dispute as to who began the difficulty and the appellant claims self-defense.

### 6.—Same—Charge of Court—On Self-Defense—Erroneous.

Where, on a trial for manslaughter, the appellant claimed that he knew that the deceased had a pistol, which was found on his body, and that he believed that he was attempting to draw it at the time he was shot, the jury should have been instructed that if deceased was making an attack upon the appellant with a deadly weapon, such as a pistol, that the law presumes that he intended to kill, or to inflict serious bodily injury, and that appellant would have the right to act on such presumption.

### 7.—Same—Evidence—Opinion of Witness—Improperly Admitted.

Where the wife of the deceased, also the sister of appellant, had testified in his behalf, it was error to permit the state to introduce that part of a statement in writing made by her to the district attorney in which the witness had stated: "I don't think my brother (the appellant) was justified in murdering my husband." While proper to impeach such witness by showing contradictory statements made by her, the expression of her opinion as to appellant's guilt or innocence in such statement should have been excluded.

#### ON REHEARING.

### 8.—Same—Charge of Court.

On rehearing by appellant, in view of another trial, the criticisms of the court's submission of appellant's defensive theory of self-defense may properly be regarded by the trial court, and his right of self-defense be submitted in general terms.

Appeal from the District Court of Rains County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Jones & Jones,* for appellant. On admissibility of general reputation of deceased, appellant cites:

Gregory v. State, 94 S. W. 1040.
Keith v. State, 94 S. W. 1044.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Rains County of manslaughter, punishment two years in the penitentiary.

Appellant and deceased were brothers-in-law. It is deduced from the evidence that deceased and his wife were having trouble and that she had appealed to appellant for aid. The killing occurred at the home of deceased. Appellant had just arrived there and had been informed by his sister, wife of deceased, that deceased had been mistreating her. The state's theory is that appellant came into the room with a pistol in his hand and began to abuse deceased and that following resentment of such abuse on the part of deceased, appellant shot and killed him. The theory of the accused was that after being told by his sister of the mistreatment by deceased, appellant asked for some explanation of same, and that deceased having in his bosom a pistol, the print of which could be seen through his clothes, attacked appellant who shot and killed him in his own necessary self-defense. There are more than fifty bills of exception in the record, the majority of which we deem unnecessary to discuss.

Complaint is made that while the wife of deceased was testifying on behalf of appellant and had stated in her examination that appellant was living with one John King Grant at the time of the homicide, the state's attorney asked her if that was the same John King Grant who was killed by the sheriff of the county at a still. Appellant objected to this question as being greatly prejudicial and of no materiality, but the objection was overruled and the witness answered the question in the affirmative. In the admission of this testimony the learned trial judge fell into error. Thereafter appellant's attorney moved the court to exclude from the jury the question and answer just referred to. The learned trial judge refused to grant the motion. In this also he fell into error.

From another bill of exception we learn that appellant was asked while a witness if he had not been indicted for an aggravated assault upon one T. A. White. The court overruled appellant's objection and he was forced to answer that he had. In our opinion the testimony should not have been admitted. This court has never held that an assault upon another man is such an offense as involves moral turpitude. Steward v. State, 100 Tex. Crim. Rep. 566. The state also asked appellant in reference to his being indicted for liquor transactions, the same being felonies, to which he answered in the affirmative.

Appellant excepted to the charge of the court for its failure to limit the effect of the introduction of the impeaching testimony above referred to. The charge of the court was erroneous for its failure to so instruct the jury. A requested charge was presented asking the court to tell the jury that they could not consider such matters except for impeachment. The trial court refused to give the charge and in this also fell into error.

There was no attack made upon the reputation of deceased as a peaceable, law-abiding citizen on behalf of appellant, nor was there any defense interposed based on threats made by him. In this condition of the record we think it was a mistake for the learned trial judge to permit the state to prove by a number of witnesses that the general reputation of deceased as a peaceable, law-abiding man was good.

Complaints were lodged against the charge of the court for its failure to instruct the jury that they must view the transaction from the standpoint of the appellant as to whether he acted in his own necessary self-defense. Such seems to be the plain requirement of the law in every case where there is a dispute as to who began the difficulty and the appellant claimed self-defense.

A pistol was found on the person of deceased after he was killed. Appellant claimed that he knew deceased had this pistol and believed that he was attempting to draw it at the time he shot. The jury should have been instructed that if deceased was making an attack upon the appellant with a deadly weapon, such as a pistol, the law presumes that he intended to kill or inflict serious bodily injury and that appellant would have the right to act on such presumption.

The wife of deceased, as above stated, testified on behalf of the defense. It appears from the record that shortly after the homicide she had made a written statement which was in the possession of the prosecuting attorney. She was asked about this statement and parts of same were thereafter offered in evidence. The defense vigorously objected to the introduction of a part of said written statement in which the witness had said: "I don't think my brother was justified in murdering my husband." Clearly it was incompetent to prove the opinion of this witness who was the wife of deceased and the sister of appellant. The statement made seems capable of much injury to the rights of appellant.

There are other errors complained of, but in view of the dispo-

sition deemed by us proper to make in this case, it is not necessary to discuss them.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant, in his motion for rehearing, in view of another trial, seeks certain modifications or additions to the opinion heretofore rendered reversing the judgment.

Appellant insists that in paragraph 13 of the court's charge, his right to defend his life was unduly limited by the use of the following language:

" * * * yet if you believe that at the time the defendant shot and killed the deceased, Will Sweeden, the said Will Sweeden had placed his hand in his shirt bosom as if to draw a weapon, and started toward the defendant; or if you believe that it appeared to the defendant, viewed from his standpoint, from the acts or words, or both, of the deceased, at the time, that the deceased was about to attack him and that he was in danger of death or serious bodily injury at the hands of the deceased, etc."

It does not occur to us that under the evidence this could properly be regarded as a limitation. However, if upon another trial the appellant desires that specific matters be omitted and his right of self-defense be submitted in general terms, we discern no impropriety in so proceeding.

We call attention, however, to what may be a clerical error in paragraph 13, wherein the court, following the above language, said:

" * * * and that the defendant shot deceased to protect himself against such unlawful attack or threatened attack, if any, then the defendant would be *guilty*."

Possibly, in the original charge the word "not" appeared in the clause quoted so that it would read "would be not guilty."

With the foregoing remarks the motion for rehearing is overruled.

*Overruled*